-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANTHONY SMITH, 02-R-2332,

        Petitioner,

v.

**ORDER**
04-CV-0404F(Consent)[1]

M. MAHER, Acting Superintendent,

        Respondent.

---

By Order filed March 4, 2005 (Docket No. 18), the Court directed that, to the extent petitioner's claim of ineffective assistance of appellate counsel in relation to said counsel's failure to raise a Sixth Amendment speedy trial claim on direct appeal, which was raised in petitioner's "Amendment to Petition" (Docket No. 17),[2] was unexhausted, said claim was dismissed without prejudice, subject to the condition that petitioner seek to exhaust the claims in state court and then immediately return to this Court. Now before the Court is petitioner's request (Docket No. 23) to lift the stay because he has received the state court determination of his state court application for a writ of error *coram nobis* with respect to his claim of ineffective assistance of appellate counsel. The New York Court of Appeals

---

[1] The parties, pursuant to 28 U.S.C. § 636(c), have consented to have the undersigned conduct all further proceeding in this matter, including entry of final judgement. (Docket 10).

[2] The Court had denied an earlier request to hold the petition in abeyance because the original petition (Docket No. 1) did not include the ineffective assistance of appellate counsel claim petitioner sought to raise in this proceeding and, therefore, the Court did not have before it a "mixed" petition upon which to determine whether or not to exercise its discretion and stay the petition under *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir.), *cert. denied sub. nom. Fischer v. Zarvela*, 534 U.S. 1015 (2001). (Docket No. 14). The Court directed petitioner to file both a renewed request for a stay and an amended petition that included both the speedy trial claim raised in the original petition and the "new" claim of ineffective assistance of appellate counsel. (Docket No. 14). In response to the Court's Order, petitioner filed an "Amendment to Petition," which raised only the new claim and not claim raised in the original petition. The Court, in granting the stay, directed that the "operative petition" in this matter would be the originally filed petition (Docket No. 1) and the Amendment to Petition (Docket No. 17). (Docket No. 18).

denied petitioner's request for leave to appeal from the denial of his application for a writ of error *coram nobis* on December 30, 2005. (Docket No. 23).

Petitioner's request is granted. The abeyance order of March 4, 2005 is hereby rescinded and the ineffective assistance of counsel claim dismissed by that order is hereby reinstated in the case. Respondent is directed file an answer and memorandum of law in response to the operative petition (Docket Nos. 1 and 17), *see*, n. 1, *supra*, no later than **45 days** after the date of filing of this Order and to take whatever action is necessary to ensure that the official state court records of petitioner's application for a writ of error *coram nobis* are provided to the Court as soon as possible.

SO ORDERED.

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: Jan 20, 2006
Buffalo, New York